**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC., and <br> UNILOC LUXEMBOURG, S.A., <br>         Plaintiffs, <br> <br> v. <br> <br> HUAWEI DEVICE USA, INC. and <br> HUAWEI DEVICE CO. LTD., <br>         Defendants. | § <br> § <br> § <br> §   Case No. 2:18-cv-00075-JRG <br> § <br> § <br> § <br> § <br> § |

DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1. Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment

entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

**2. Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3. Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4. Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5. Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

a) For purposes of this section (Section 5 – Discovery Limitations), Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. shall count as a single party or "side" and Defendants Huawei Devices USA, Inc. and Huawei Devices Co., Ltd. shall count as a single party or "side."

b) Interrogatories: Each side may serve up to 25.

c) There is no limit to the number of requests for admission the parties may serve to establish the authenticity of documents. Additionally, each side may serve up to 25 requests for admission.

d) Depositions:

i) Experts. An expert that provides a written opinion on more than one issue (for example, invalidity and non-infringement) or on more than one case will be considered to have provided separate expert reports per issue and per case. An expert who submits a report or declaration on behalf of a side may be deposed for 7 hours by the opposing side regarding each such report or declaration. However, an expert who submits more than one report involving more than one case on behalf of a side may be deposed for 3 hours plus 4 hours per report. For example, an expert who submits an expert report only on the issue of infringement is limited to 7 hours of deposition time, while an expert who submits expert reports on the issues of infringement and validity involving the same case is limited to 11 hours of deposition time, with no more than 7 hours devoted to each report.

ii) Depositions of Parties and their Personnel. Plaintiffs may take up to 60 hours of depositions, including both 30(b)(6) and 30(b)(1) depositions, of the

Defendants for the above-identified cases, collectively. Defendants may take up to 60 hours of depositions, including both 30(b)(6) and 30(b)(1) depositions, of the Plaintiffs for the above-identified cases, collectively. However, no single 30(b)(1) witness may be deposed for more than 7 hours, and no individual may be deposed for more than 10 hours total. If either Party believes that additional time with a particular witness is necessary, the Parties shall meet and confer in good faith in order to reach an agreement.

iii) Inventor Depositions. Defendant is allowed up to ten (10) hours of deposition time for each named inventor who is an inventor of more than one of the patents-in-suit and up to seven (7) hours of deposition time for each named inventor who is the inventor of one of the patents-in-suit.

iv) Third Party Depositions. Each side may take up to 30 hours of depositions of deponents who are not covered by (i) – (iii) above. The parties agree that the non-party depositions taken in this action may be used in the 2:18-cv-0072, 2:18-cv-0073, and 2:18-cv-0074 actions as if taken in those cases. However, to the extent a non-party deposition is taken in one action and used in another, that deposition would not count against the deposition limits allotted in the subsequent action.  Meaning, a non-party deposition taken in the 2:18-cv-0073 action but used in the 2:18-cv-0074 action would not count against the hours allotted for non-party depositions in the 2:18-cv-0074 action.

Furthermore, to the extent reasonable and practicable to do so, the Parties are required to coordinate such depositions, including with other parties accused of infringing the same patents-in-suit, to minimize duplication.

e) Expert Reports: Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to expert final reports in these cases are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on any of these actions are exempt from discovery unless relied upon by the expert in forming an opinion.

f) Expert Discovery: Testifying experts shall not be subject to discovery on any draft of their reports or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation.

g) Privilege Logs: Neither party is required to log privileged materials dated after February 22, 2018, which was the filing date of the complaint in the earliest-filed Uniloc case involving the patents-in-suit. In addition, (a) privileged or attorney work-product materials created by or on behalf of litigation counsel regarding the litigation in which such counsel represent their client; and (b) communications between a client and its

litigation counsel regarding the litigation in which such counsel represent their client, do not need to be included on any privilege log regardless of their date. The foregoing exemption does not include materials prepared by or on behalf of the law firms representing the parties in their capacity as prosecution counsel, and it does not include materials relating to the acquisition of the patents-in-suit. The parties reserve the right to request logs of specific kinds of privileged materials otherwise excluded by the foregoing where good cause exists.

**6. Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

**7. Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is

made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8. Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9. Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall

not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11. Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

(a) The parties will submit for the Court's consideration a proposed order governing e-discovery and discovery production format.

(b) The parties hereby consent in writing to electronic service under FRCP 5(b)(2)(E).

(c) A party who receives production in response to a third-party discovery request must serve a copy of that production on the other party within ten (10) days of receipt.

(d) Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials, and the producing party will provide a privilege log in accordance with Paragraph 6 that includes the inadvertently produced materials.

**13. Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and

counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 17th day of July, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE